THE JUSTICE FIRM
Joseph Virgilio, Esq. (CA 139376)
Christopher Darden, Esq. (CA 94959)
5850 Canoga Avenue 4th Floor
Woodland Hills, California 91367
310-914-2444
213-402-7798 fax

Attorneys for Plaintiff
Wayne Scott

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SCOTT, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) |
| vs. | ) 1. Violation of 42 U.S.C. 1983 |
| | )     (Fourteenth Amendment) |
| SANTA MONICA POLICE | ) 2. Violation of 42 U.S.C. 1983 |
| DEPARTMENT; COUNTY OF LOS | )     (Fourth Amendment) |
| ANGELES; ALEJANDRO | ) 3. Violation of 42, U.S.C. 1983 |
| VILLANUEVA, FORMER LOS | )     (Conspiracy) |
| ANGELES COUNTY SHERIFF; CITY | ) 4.  Violation of 42 U.S.C. 1983 |
| OF SANTA MONICA; CITY OF VAN | )     (Municipal Liability) |
| NUYS;  DOE OFFICER 1; DOE | ) |
| OFFICER 2; and DOES 3-50, | ) DEMAND FOR JURY TRIAL |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

COMES NOW, Wayne Scott, and alleges and complains against Defendants, and each of them, as follows:

## JURISDICTION

1. This is a Complaint for damages based upon federal civil rights under the United States Code and United States Constitution against Defendants Santa Monica Police Department, Alejandro Villanueva Former Los Angeles County Sheriff, City of Santa Monica and City of Van Nuys and their respective officials, uniformed peace officers, employees and/or agents.   This case is brought pursuant to 42 U.S.C, 1983 and the United States Constitution.  Federal jurisdiction is based upon 28 U.S.C. 1331, 1343(a)(1-4).

## VENUE

2. The claims alleged herein arose from events or omissions that occurred in the County of Los Angeles.  Therefore venue lies in the Central District of California pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

### PLAINTIFF

3. At all times relevant hereto, Plaintiff, Wayne Scott, was a resident of the County of Los Angeles, State of California.

### DEFENDANTS

4. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant, Alejandro Villanueva was the Los Angeles County Sheriff

and was at all times relevant hereto a policy maker and/or supervisor of the Los Angeles County Sheriff's Department and was acting under color of law and within the course and scope of his employment as the Los Angeles County Sheriff at the Los Angels County Sheriff's Department. Mr. Villanueva is being sued individually and in his then official capacity.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant, County of Los Angeles, was a duly constituted governmental entity in the State of California, and is, or was, the employer of those individually named Defendants herein associated with the actions and inactions related to the operation of the Los Angeles County Jail while Plaintiff was detained in that facility.

6. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, the City of Santa Monica, was a duly constituted municipal entity in the State of California, and is, or was, the employer of those Defendants named individually herein as Doe Officer 1 and Doe Officer 2 associated with the claims of Plaintiff as set forth below.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant City of Van Nuys was a duly constituted municipal entity in the State of California, and is, or was, the employer of those Defendants named individually herein associated with the actions and inactions related to the operation of the Van Nuys Jail while Plaintiff was detained in that facility.

8. Plaintiff is informed and believes and thereon alleges that Defendant, Doe Officer 1 at all times relevant hereto was a resident of the County of Los Angeles, State of California at all times relevant hereto was acting under color of law within the course and scope of his employment with the Santa Monica Police Department. Doe Officer 1 is being sued in his individual and official capacity. Plaintiff is without sufficient information at this time to specifically identify Doe Officer 1. Plaintiff reserves the right to amend this Complaint to specifically identify that Defendant once his identity becomes known.

9. Plaintiff is informed and believes and thereon alleges that Defendant, Doe Officer 2 at all times relevant hereto was a resident of the County of Los Angeles, State of California at all times relevant hereto was acting under color of law within the course and scope of his employment with the Santa Monica Police Department. Doe Officer 2 is being sued in his individual and official capacity. Plaintiff is without sufficient information at this time to specifically identify Doe Officer 2. Plaintiff reserves the right to amend this Complaint to specifically identify that Defendant once his identity becomes known.

10. Plaintiff is without sufficient information at this time to specifically identify those Defendants named fictitiously herein as Does 3-50. Plaintiff reserves the right to amend this Complaint to specifically identify those Defendants as their identities become known.

11. Plaintiff in informed and believes and thereon alleges that at all times relevant hereto, the Defendants, and each of them, were the agents, employees, partners or supervisors of one another and the acts and omissions which form this Complaint were committed or omitted in the course and scope of said agency, employment, partnership or supervision.

12. All of the facts, acts, omission, events, and circumstances herein mentioned and descried occurred in the County of Los Angeles, State of California, and the corporate and /or entity Defendants, and each of them, are resident of the County of Los Angeles, State of California and/or have their principal place of business in the County of Los Angeles State of California.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendants, and each of them, were acting within the course and scope of their employment duties for Defendants County and/or Cities and under color of law. Plaintiff is further informed and believes and thereon alleges that at all times relevant hereto all of the individual Defendants' acts and omissions were known to, discovered by, approved by, and/or ratified by Defendants County and/or Cities, as applicable, through their policy makers, decision makers, officials, officers, and/or supervisors, including Defendant Villanueva and applicable Doe Defendants.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, all Defendants employed by all Doe Defendants, if any there may be, were acting within the course and scope of their employment duties for Doe Defendants,

and under color of law.  Plaintiff is further informed and believes and thereon alleges that each of the individual Defendants' actions were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through their policy makers, decision makers and/or supervisors, including applicable Doe Defendants.

15. Plaintiff is informed and believes and thereon allege that the officials, supervisors, policy makers and other individuals with the authority to set or modify municipal and/or departmental policy, de jure or de facto, of Defendants County and/or Cities, as applicable, participated in, approved of, ratified and or failed to prevent the acts by all Defendants and Doe Defendants on which Plaintiff's Complaint is based.

16. Plaintiff alleges that the Defendants, and each of them, acting individually or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom, freedom from unreasonable searches and seizures, and due process of law, among others described herein.  Each and all of the things done by each Defendant against Plaintiff as set forth in this Complaint, were done, partially, if not entirely, because of Plaintiff's expressive conduct.  In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all of the Defendants were acting pursuant to a de facto policy and within the scope of such agency, employment, and conspiracy, and with full permission, knowledge, approval, ratification and support of each other.

# GENERAL ALLEGATIONS

17. On August 5, 2021, Defendants City of Santa Monica, Doe Officer 1, Doe Officer 2, and Does, detained Mr. Scott at or near his home located at 823 21st Street, Santa Monica, California without reasonable suspicion, probably cause or other basis in law. Mr. Scott was ultimately arrested.

18. Defendants, and each of them, obtained a faulty search warrant, based on unsupportable allegations and which did not rise to the level of probable cause for arrest. After unlawfully detaining, arresting and injuring Mr. Scott, Defendants Doe Officer 1 and Doe Officer 2 badly beat Mr. Scott. Those Defendants then drove Mr. Scott in their patrol car for several hours until taking him to the Los Angeles County Jail.

19. While in the Los Angeles County Jail, Defendants County of Los Angeles, Villanueva, and Does placed Mr. Scott in COVID isolation (even though Mr. Scott was not infected with COVID at the time), deprived him of phone calls, showers, food, water, visits with his attorney and visits with any non-attorney visitors. Defendants County of Los Angeles, Villanueva and Does, placed a note outside Mr. Scott's cell stating that Mr. Scott was not to receive any of the benefits provided to other inmates while at the Los Angeles County Jail.

20. These facts were relayed to Mr. Scott's then girlfriend, who was notified of this conduct by a nurse who was working inside the jail, noticed this conduct and reported it to Mr. Scott's then girlfriend.

21. Further, after detaining and arresting Mr. Scott, Defendants City of Santa Monica, Doe Officer 1, Doe Officer 2 and Does wrongfully and illegally searched Mr. Scott's residence and failed to record on the property inventory $116,000 in cash that has since disappeared.

22. Moreover, after detaining and arresting Mr. Scott, Defendants, and each of them, conspired with each other to prepare a false police report which falsely and fraudulently described Mr. Scott's actions, as well as fabricating actions taken by Mr. Scott and used as a basis for arrest, jailing and prosecution of Mr. Scott. Subsequent to his unlawful arrest, and as a result of the Defendants' and each of their advancement of their false and fabricated police report, Mr. Scott was jailed, charged and is currently being prosecuted for several crimes.

23. While handcuffing and handling Mr. Scott during his detention, Defendants Doe Officer 1 and Doe Officer 2, viciously and seriously beat Mr. Scott causing significant injuries to him, used excessive force and painfully contorted and applied pressure to Mr. Scott's arms, shoulders, neck and back, causing those areas of his body significant injury. As a result of his injuries, Mr. Scott has suffered loss of income, employment, and has suffered pain and suffering all in an amount according to proof at trial.

24. While being detained both at the Los Angeles County Jail and at the Van Nuys Jail, Mr. Scott was denied due process in that he was at all times prepared to post a bail bond for his conditional release; however, the Defendants, and each of them, first

alleged that the charges under which Mr. Scott was detained allowed for Defendants and each of them, to file a Motion to Verify Funds pursuant to California Penal Code section 1275.1. That Motion was not properly or appropriately made in relation to the charges leveled against Mr. Scott, and the filing of that Motion, along with the attendant delay for adjudication of that Motion, wrongfully deprived Mr. Scott of his conditional liberty and due process.

## DAMAGES

25. Each of the aforementioned acts by Defendants, and each of them, directly and proximately resulted in significant, compensatory and general money damages. Further, the actions of the Defendants, and each of them, proximately caused Mr. Scott to suffer a violation of his civil rights, loss of his freedom, loss of privacy, humiliation, emotional and physical injury, and great extreme mental anguish.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights –

### Violation of Right of Equal Protection against all Defendants)

26. Mr. Scott realleges paragraphs one through 25 as though set forth fully herein and incorporates those paragraphs by reference.

27. Plaintiff has suffered a violation of his civil rights as set forth in 42 U.S.C. 1983 in which Mr. Scott was deprived of equal protection under the laws of the United States and the Constitution of the United States in that he was wrongfully arrested, detained, denied his rights to food, water, legal counsel, communication with third

parties, personal hygiene and other civil and human rights while under the custody, control and domination of Defendants, and each of them. Further, Mr. Scott was beaten by Defendants Doe Officer 1 and Doe Officer 2 without provocation or justification, and all while under color of law and imprimatur of authority.

28. The actions of the Defendants, and each of them, shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may be fairly said to shock the contemporary conscience. Further, the acts of Defendants, and each of them, were deliberate, retaliatory, fraudulent, and in contemplation of intimidating Mr. Scott. Defendants, and each of them, acted with malice and oppression when they wrongfully detained, battered, arrested, jailed and maliciously prosecuted Mr. Scott all based on a fraudulent and fabricated police report, prepared by Defendants themselves, under the guise of their sworn duty as officers of the law.

**SECOND CAUSE OF ACTION**

**(Violation of Civil Rights –**

**Violation of Unlawful Search and Seizure/Excessive Force against all Defendants)**

29. Mr. Scott realleges paragraphs one through 28 as though set forth fully herein and incorporates those paragraphs by reference.

30. This cause of action arises from 42 U.S.C. 1983, wherein Mr. Scott seeks to redress a deprivation under the color of law of a right, privilege or immunity secured to him by the Fourth Amendment of the United States Constitution.

31. The Fourth Amendment to the United States Constitution protects citizens of the United States, including Mr. Scott, to be free from unreasonable searches and seizures, which also includes a protection from the excessive use of force during any search and seizure by any law enforcement agent.

### UNLAWFUL SEIZURE

32. The unlawful seizure, detention, and prolonged custodial detention of Mr. Scott by the Defendants, and each of them, was all without lawful basis, reasonable suspicion, probable cause or warrant, or any recognized exception thereto, justification therefor, and was all therefore unreasonable and in violation of Mr. Scott's Fourth Amendment protections.

33. Further, once in the custody of the Defendant Villanueva and the Los Angeles County jail, Mr. Scott was denied access to food, water, showers, legal counsel, telephone communication, and other civil and human rights all in violation of his Fourth Amendment rights.

### UNLAWFUL SEARCH

33. The unlawful searches of Mr. Scott upon his arrest and separately upon being jailed, were without lawful basis, reasonable suspicion, probable cause, or any recognized exceptions thereto or justification therefor, and were thus unreasonable and in violation of Mr. Scott's Fourth Amendment rights. Moreover, the Defendants, and each of them wrongfully obtained and refused to return to Mr. Scott $116,000 in cash.

## EXCESSIVE FORCE

34. The unlawful, unwarranted, and harmful touching of Mr. Scott, including, but not limited to, the vicious beating given to Mr. Scott by Doe Officer 1 and Doe Officer 2 while in Defendants, and each of their custody while under color of law and imprimatur of authority, was all without legal basis, or any recognizable exception thereto, justification, or excuse and was therefore unreasonable and in violation of Mr. Scott's Fourth Amendment rights.

35. All of the above descriptions of the violations of Mr. Scott's civil rights and protections under the United States Constitution directly and proximately caused significant compensatory and general damages to Mr. Scott all in an amount according to proof at trial, but in any event within the jurisdiction of this Court.

36. The actions of Defendants, and each of them, were intended to injure Mr. Scott. As such, the actions of Defendants, and each of them, were willful and malicious and subject the Defendants and each of them, to exemplary and punitive damages all in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

**(Violation of Civil Rights –**

**Conspiracy to Violate Civil Rights against all Defendants)**

37. Mr. Scott realleges paragraphs one through 36 as though set forth fully herein and incorporates those paragraphs by reference.

38. This cause of action arises under 42 U.S.C. 1983 and 1988, wherein Mr. Scott seeks to redress a deprivation under color of law of a right, privilege or immunity security to him under the Fourth and Fourteenth Amendment of the United States Constitution.

39. Defendants, and each of them, conspired with one another to wrongfully deprive Mr. Scott of his liberty, freedom from illegal searches and seizures, including his protection against excessive force in the course of arrest, conspiring to deprive Mr. Scott of his civil and human rights to food, water, legal counsel, and personal hygiene. Further Defendants, and each of them, conspired to wrongfully detain Mr. Scott in the Los Angeles County Jail and the Van Nuys Jail for an unreasonable amount of time and when Mr. Scott was entitled to be conditionally released on bail bond. Further, the Defendants, and each of them, violated Mr. Scott's civil rights when they wrongfully and unlawfully beat him while acting under color of law in imprimatur of authority.

40. As a direct and proximate result of the actions of Defendants, and each of them, Mr. Scott has suffered significant compensatory and general damages, all in an amount according to proof at trial, but in any event within the jurisdiction of this Court.

41. The actions of the Defendants, and each of them, were intended to injure Mr. Scott. As such the actions of the Defendants, and each of them, were willful and malicious and subject the Defendants, and each of them, to exemplary and punitive damages all in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

## (Violation of Civil Rights –

## Unconstitutional Policy, Custom or Procedure against all Defendants)

42. Mr. Scott realleges paragraphs one through 41 as though set forth fully herein and incorporates those paragraphs by reference.

43. This cause of action arises under 42 U.S.C. 1983 wherein Mr. Scott seeks to redress a deprivation under color of law a right, privilege or immunity secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

44. Defendants County of Los Angeles, Cities of Santa Monica and Van Nuys, and Does, as applicable, violated Mr. Scott's rights, all as alleged above, by creating and maintaining the following unconstitutional customs and practices:

    A. Mr. Scott alleges that the County, City and Doe Defendants have a de facto policy, custom and/or practice of harassing, intimidating, threatening and using excessive force to arrest persons who claim and defend their Constitutional rights.

    B. Mr. Scott alleges that the County, City and Doe Defendants have a de facto policy, custom and/or practice of inadequately investigating their law enforcement employees upon complaints of misconduct involving excessive force, intimidation, threats, and other unlawful conduct.

    C. Mr. Scott alleges that the County, City and Doe Defendants have a de facto policy, custom and/or practice of failing to discipline, investigate and terminate

personnel who falsely detain, batter, threaten, intimidate and otherwise abuse their authority as law enforcement officers in violation of constitutional rights.

   D. Mr. Scott alleges that the County, City and Doe Defendants have a de facto policy, custom and/or practice of condoning, ratifying, failing to investigate, failing to discipline and failing to terminate their law enforcement officer employees that use excessive force upon persons with whom those law enforcement officer employees contact.

  45. Defendants' unlawful de facto policies, customs and/or practices were the direct and proximate cause of Plaintiff's injuries to his civil rights, his person and his physical and mental well-being.  As such, the actions of Defendants was the direct and proximate cause of significant compensatory and general damages suffered by Plaintiff, all in an amount according to proof at trial, but in any event within the jurisdiction of this Court.

  46. Mr. Scott further alleges that the Defendants' unlawful policies, customs and/or practices were within the control of Defendants, and each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Mr. Scott.

  47. The actions of Defendants, and each of them, were either intended to injure Plaintiff and/or were engaged in such a reckless disregard of the rights of Plaintiff to amount to despicable conduct on the part of Defendants, all of which were malicious and

oppressive.  As such, the actions of Defendants, and each of them, subject the Defendants to exemplary and punitive damages all in an amount according to proof at trial.

WHEREFORE Mr. Scott prays for relief as follows:

ON THE FIRST CAUSE OF ACTION:

1. For compensatory damages in an amount according to proof at trial.

2. For general damages in an amount according to proof at trial.

3. For punitive and exemplary damages in an amount according to proof at trial.

ON THE SECOND CAUSE OF ACTION:

1. For compensatory damages in an amount according to proof at trial.

2. For general damages in an amount according to proof at trial.

3. For punitive and exemplary damages in an amount according to proof at trial.

ON THE THIRD CAUSE OF ACTION:

1. For compensatory damages in an amount according to proof at trial.

2. For general damages in an amount according to proof at trial.

3. For punitive and exemplary damages in an amount according to proof at trial.

ON THE FOURTH CAUSE OF ACTION:

1. For compensatory damages in an amount according to proof at trial.

2. For general damages in an amount according to proof at trial.

3. For punitive and exemplary damages in an amount according to proof at trial.

ON ALL CAUSES OF ACTION:

1. For costs of suit incurred herein.

2. For reasonable attorney's fees.

3. For such other, further relief that this Court finds appropriate.

## DEMAND FOR JURY TRIAL

Mr. Scott demands a trial by jury in this action.

Dated this 4th day of August, 2023.

                                                      THE JUSTICE FIRM

*Joseph A. Virgilio*

_____

Joseph Virgilio, Esq., Attorneys for Plaintiff, Wayne Scott.